UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEBBIE NICKLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:04-cv-255-WGH-RLY |
| ) | |
| NATHANIAL EUGENE HELEINE, and ) | |
| COUNTRY MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

**I.   Introduction**

This matter is before the court on Defendant Country Mutual Insurance Company's Motion to Dismiss Count II of Plaintiff's Amended Complaint, filed August 1, 2005. (Docket No. 28). Plaintiff filed her Response on September 29, 2005. (Docket No. 38-39). Defendant's Reply to Plaintiff's Response was filed on October 14, 2005. (Docket No. 40).

**II.   Factual and Procedural Background**

Plaintiff, Debbie Nickles, brought suit in this matter for injuries she sustained as a result of an automobile accident that occurred on October 12, 2002. (Amended Complaint ¶ 4). Plaintiff was operating a 1993 Cadillac on State Road 1 in Clark County, Illinois, when she was struck by Defendant, Nathanial Eugene Heleine ("Heleine"), who was operating a 1980 Dodge Ram pickup truck.

(*Id.* ¶¶ 4-5).  At all times relevant to this suit, Plaintiff has been a resident of Indiana while Heleine has been a resident of Illinois.  (*Id.* ¶¶ 1-2).  Plaintiff filed suit against Heleine on October 4, 2004.  At some point after filing suit, Plaintiff determined that Heleine may qualify as an uninsured or underinsured motorist, as he had coverage against Plaintiff's claim amounting to only $50,000.  (*Id.* ¶ 12; Plaintiff's Response to Motion to Dismiss at 2).

During the automobile accident at issue, the Cadillac Plaintiff was operating was owned by Michael A. Robinson ("Robinson").  (Plaintiff's Response to Motion to Dismiss at 1).  Robinson's automobile was insured by an insurance policy issued by Defendant Country Mutual Insurance Company ("Country Mutual").  (*Id.*).[1] Country Mutual is an insurance company organized under the laws of Illinois with its principal place of business also in Illinois.  (Amended Complaint ¶ 9).  As Robinson is an Illinois resident, the Country Mutual insurance policy was issued in Illinois.  (Motion to Dismiss at 2).  The insurance policy provides for underinsured limits in the amount of $100,000.  (*Id.*).  On June 3, 2005, Plaintiff filed an Amended Complaint seeking recovery under the Country Mutual policy for uninsured/underinsured motorist coverage in the event that Heleine was unable to adequately compensate Plaintiff for her injuries and damages.  (Amended Complaint ¶ 13).

---

[1] In her Amended Complaint, Plaintiff gives the impression that she is the named insured under Country Mutual's policy, and no mention is made of the fact that the Cadillac belonged to Robinson or that it was his insurance policy.  However, the policy number, A12A1612954, is consistent throughout, and Country Mutual does not argue that Plaintiff is not an insured under the policy.  Therefore, the Court does not feel that the Amended Complaint is flawed.

Country Mutual filed its Motion to Dismiss claiming that Count II of Plaintiff's Amended Complaint was barred by a two-year limitations period contained in the Country Mutual insurance policy. Plaintiff responded by arguing that Country Mutual waived, or was estopped from enforcing, the two-year period by failing to provide Plaintiff with notice of the limitations period. Plaintiff also argues that a letter sent on March 10, 2005, from Country Mutual's counsel to Plaintiff amounts to a waiver of the limitations period. Because Country Mutual's actions do not amount to a waiver of the two-year limitations period, the Court concludes that Count II of the Amended Complaint must be dismissed.

### III.   Legal Standard

The parties, in this instance, have raised issues that go beyond the face of the Amended Complaint. When the Court determines that it is necessary to consider matters outside of a complaint, the Court must treat a motion to dismiss as a motion for summary judgment. *See Berthold Types Ltd. v. Adobe Systems Inc.,* 242 F.3d 772, 776 (7th Cir. 2001), FED.R.CIV.P. 12(b). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The motion should be granted so long as no rational fact finder could return a verdict in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Thus, a court's ruling on a motion for summary judgment is akin to that of a directed verdict, as the

question essentially for the court in both is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.  When ruling on the motion, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences therefrom in that party's favor.  *Id.* at 255.  If the nonmoving party bears the burden of proof on an issue at trial, that party "must set forth specific facts showing that there is a genuine issue for trial."  FED.R.CIV.P. 56(e); *see also Silk v. City of Chicago,* 194 F.3d 788, 798 (7th Cir. 1999).  Lastly, the moving party need not positively disprove the nonmovant's case; rather, it may prevail by establishing the lack of evidentiary support for that case.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

**IV.**    **Analysis**

    **A.**    **Choice of Law**

This is a suit based on the Court's diversity jurisdiction.  While a federal court sitting in diversity jurisdiction shall apply its own procedural laws, it must apply the substantive laws of the state in which it sits.  *Erie R. Co. v. Tompkins,* 304 U.S. 64,78, 58 S.Ct. 817, 822 82 L.Ed. 1188 (1938); *First Nat. Bank and Trust Corp. v. American Eurocopter Corp.,* 378 F.3d 682, 689 (7th Cir. 2004).  The Court must, therefore, apply Indiana substantive law.  However, '[i]f the laws of more than one jurisdiction arguably are in issue, *Erie* also requires a federal court to apply [the forum] state's choice of law rules."  *Jean v. Dugan,* 20 F.3d 255, 260-61 (7th Cir. 1994).  Thus, the Court must apply Indiana's choice of law rules.

In Indiana, choice of law rules in the area of contracts call for the court to apply the law of the place with the "most intimate contacts" or "most significant relationship." *NUCOR Corp. v. Aceros Y Maquilas de Occidente S.A. de C.V.,* 28 F.3d 572, 581 (7th Cir. 1994). The Supreme Court of Indiana, in *W.H. Barber Co. v. Hughes,* indicated that this test requires the court to examine "all acts of the parties touching the transaction in relation to the several states involved," and follow "the law of that state with which the facts are in most intimate contact." *W.H. Barber Co. v. Hughes,* 63 N.E.2d 417, 423 (Ind. 1945). In determining which state has the most intimate contacts, the list of factors that courts in Indiana are to consider includes: (1) the place of contracting; (2) the place where contract negotiations occurred; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the location of the parties. *Employers Ins. of Wausau v. Recticel Foam Corp.,* 716 N.E.2d 1015, 1024 (Ind. Ct. App. 1999).

In this case, all signs point to the application of Illinois law in determining if the two-year limitations period is valid and whether or not it was waived. First, the parties to the contract at issue, Robinson and Country Mutual, are both located in Illinois. Second, the contract was entered into in Illinois. Third, the vehicle, which is the subject matter of the insurance contract, is located in Illinois. Based on these contacts, the Court concludes that Illinois has the most intimate contacts, and Illinois law, therefore, applies.

### B.     Application of Illinois Law to the Contract at Issue

Plaintiff seeks coverage under the Country Mutual policy for uninsured/ underinsured benefits. However, the policy contains a provision that states "any suit, action, or arbitration will be barred unless commenced within two years of the date of the accident." (Motion to Dismiss at Exh. A). In Illinois, "[i]nsurance companies are entitled to reasonably limit their exposure from an insurance contract." *Vansickle v. Country Mutual Ins. Co.,* 651 N.E.2d 706, 707 (Ill. Ct. App. 1995). As has been clearly indicated by the Illinois Court of Appeals, "[i]t is well settled that a contractual limitation requiring suit to be brought within a specific period of time is valid if reasonable even though the period provided by general statute of limitations as to suits on written contract is longer." *Florsheim v. Travelers Indemnity Co. of Illinois,* 393 N.E.2d 1223, 1228 (Ill. Ct. App. 1979). Thus, a limitations period of two years for uninsured/underinsured coverage, such as the one in this case, has been found not to violate Illinois public policy. *See Parish v. Country Mutual Ins. Co.,* 814 N.E.2d 166 (Ill. Ct. App. 2004). Because the two-year limitations period is valid, the only remaining issue is whether Country Mutual's actions amounted to a waiver of the provision, or if Country Mutual is estopped from enforcing the provision.

A limitations period is enforceable unless the insurer waives or is estopped from relying on the bar. *Florsheim,* 393 N.E.2d at 1229. In this case, Plaintiff argues that she was unaware of the two-year limitations period because she had not been given a copy of the Country Mutual insurance policy and that a letter

from Country Mutual's counsel dated March 10, 2005, indicates that Country Mutual waived application of the limitations period. Neither of these arguments are persuasive.

Plaintiff's first argument, that she was unaware of the limitations period, fails to recognize her burden. The Illinois Court of Appeals had held that it is not the duty of an insurance company to inform an insured of her duties under an insurance policy. *Foamcraft, Inc. v. First State Ins. Co.,* 606 N.E.2d 537, 539 (Ill. Ct. App. 1992); *Florsheim,* 393 N.E.2d at 1231. An insurance company's refusal to provide the insured with a copy of the insurance policy will amount to an estoppel. *Salloum Foods & Liquor, Inc. v. Parliament Ins. Co.,* 388 N.E.2d 23, 30 (Ill. Ct. App. 1979). However, Plaintiff has not suggested that Country Mutual refused to provide her with a copy of the insurance policy. In fact, the facts suggest that Plaintiff was not even aware of the possibility that Heleine was an uninsured motorist until after the two-year limitations period had expired. And, Country Mutual claims that it was never informed of the underinsured motorist claim until June 3, 2005, when the Amended Complaint was filed, which was well after that limitations period had run. In order for Plaintiff to successfully argue that Country Mutual waived or is estopped from enforcing the limitations period, she would have to demonstrate that she contacted Country Mutual about the underinsured claim before the limitations period had ended and that Country Mutual failed to provide a copy of the policy after it was requested. Plaintiff has not met either of these requirements.

Plaintiff's reliance on the March 10, 2005, letter is also unfounded because, as the Illinois Court of Appeals indicates in *Florsheim,* acts that occur after the limitations period has passed usually may not be relied upon to create an estoppel. *Florsheim,* 393 N.E.2d at 1231. This is true because in order to demonstrate estoppel, an insured must demonstrate reasonable reliance on an act of the insurer. *Id.* at 1229-30. The type of reliance required to amount to estoppel typically must involve statements by an insurer that induce an insured to delay filing an action. *Myers v. Centralia Cartage Co.,* 419 N.E.2d 465, 468 (Ill. Ct. App. 1981). In this case, Plaintiff cannot demonstrate that she relied on a letter sent five months after the limitations period had passed, and even if she did rely on the letter, such reliance certainly was not reasonable, as the limitations period had already expired.

**V.  Conclusion**

For the reasons outlined above, Defendant's Motion to Dismiss is **GRANTED.** Count II of Plaintiff's Amended Complaint is **DISMISSED.**

**SO ORDERED.**

**Dated:**  11/07/2005

　　　　　　　　　　　　　　　　　　　　　WILLIAM G. HUSSMANN, JR.
　　　　　　　　　　　　　　　　　　　　　Magistrate Judge

**Electronic copies to:**

John Martin DeCastro
COLLIGNON & DIETRICK PC
jdecastro@cdattorneys.com

Mark Douglas Hassler
HUNT HASSLER & LORENZ, LLP
hassler@huntlawfirm.net

Robert Todd Varney
rvarney@varneylaw.com